UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 09-201-B-W |
| | ) |
| GEORGE F. PERKINS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON CIVIL COMPLAINT**

Randall Hofland filed this action naming George Perkins, Susan Perkins,  Lawrence

"Brian" King, Gary Boynton, Mark C. Perkins, Margaret Perkins and Dr. Carol Kuhn alleging

that they – and possibly as yet to be named real persons – conspired to assault, defame, and

defraud him.  Hofland has not paid the filing fee nor filed a motion to proceeding in forma

pauperis.  Hofland has been granted IFP status in four other suits so I will assume for purposes

of this recommendation that he could satisfy the requirements for proceeding without

prepayment of the fee.  (See Hofland v. Governor, State of Maine, et al., 09-cv-162-JAW,

Hofland v. Thompson , 09-cv-174-JAW, Hofland v. Ross, et al., 09-cv-173-JAW, Hofland v.

Lahaye et al., 09-cv-172-JAW.)

I have screened this complaint pursuant to 28 U.S.C.  § 1915(e)(2) and 28 U.S.C.

§ 1915A(a) and (b) and I conclude that the complaint should be summarily dismissed.  To the

extent Perkins intends to invoke this court's federal subject matter jurisdiction and press a 42

U.S.C. § 1983 claim, the defendants to this suit are not state actors within the meaning of 42

U.S.C. § 1983.  See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) ("The

under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no

matter how discriminatory or wrongful.") (quotations and citations omitted).  On the face of the

complaint and the motion for service by Marshal there is not complete diversity of citizenship, a

requirement in order to proceed on that theory of federal jurisdiction.  See Picciotto v.

Continental Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008)("The statutory grant of federal jurisdiction in

diversity cases gives district courts "original jurisdiction of all civil actions where the matter in

controversy ... is between ... citizens of different States."  28 U.S.C. § 1332(a). This statutory

grant requires *complete* diversity between the plaintiffs and defendants in an action.  Strawbridge

v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); Halleran v. Hoffman, 966 F.2d 45, 47 (1st

Cir.1992).").

 Accordingly, I recommend that  Court dismiss this complaint for lack of jurisdiction.

NOTICE

 A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered pursuant to
28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,
together with a supporting memorandum, within ten (10) days of being served
with a copy thereof.  A responsive memorandum shall be filed within ten (10)
days after the filing of the objection.

 Failure to file a timely objection shall constitute a waiver of the right to *de
novo* review by the district court and to appeal the district court's order.

     /s/ Margaret J. Kravchuk
     U.S. Magistrate Judge

May 26, 2009