UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL B. HOFLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-201-B-W |
| | ) | |
| GEORGE F. PERKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS FOR EXTENSION, SANCTIONS, TO CONVENE PLENARY PROCEEDINGS, AND TO COMPEL**

Three motions are currently pending in this case, which was dismissed on June 25, 2009. On July 15, 2009, Randall B. Hofland moved to extend time and for sanctions. *Mot. for Enlargement of Time* (Docket # 24) (*Mot. for Enlargement I*). On August 4, 2009, he again moved to extend time and to convene plenary proceedings pursuant to Rule 66(c) of the Federal Rules of Civil Procedure. *Mot. for Enlargement of Time and Mot. to Convene* (Docket # 30) (*Mot. for Enlargement II*). To clarify the legal basis of the motion to convene, Mr. Hofland amended the second motion on August 7, 2009, to replace Rule 66(c) of the Federal Rules of Civil Procedure with 18 U.S.C. §§ 401-02. *Additional Attach.* (Docket # 31). On August 13, 2009, Mr. Hofland filed a motion to compel the preservation of a surveillance video that he claimed contains evidence supporting his motion to convene. *Mot. to Compel* (Docket # 32). On July 20, 2009, however, before the Court had an opportunity to rule on the first motion and before Mr. Hofland filed his second motion, Mr. Hofland appealed the judgment of dismissal by filing a timely notice of appeal to the Court of Appeals for the First Circuit. *Notice of Appeal* (Docket # 27).

Mr. Hofland's appeal complicates the status of his unresolved motions. The motion to extend time and for sanctions, the motion to extend time and convene plenary proceedings, and the motion to compel the preservation of surveillance video are not motions that under Appellate Rule 4(a)(4)(A) extend the time for the filing of a notice of appeal. Fed. R. App. P. 4(a)(4)(A). Therefore, these motions do not suspend the effectiveness of the notice of appeal under Appellate Rule 4(a)(4)(B)(i). Fed. R. App. P. 4(a)(4)(B)(i).

In these circumstances, the Court is aware that there is authority that the notice of appeal effectively removes the case from the jurisdiction of this Court and places jurisdiction with the appeals court. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990). Once this Court's jurisdiction has been removed by a notice of appeal, it is without the authority to act on all but the most mundane matters. *See, e.g.*, In re *Merck & Co. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005) (enumerating the few exceptions to the general rule that "district courts are divested of jurisdiction—and lose the power to act—once the notice of appeal is filed").

Nonetheless, the Court concludes that this principle is not applicable to the pending motions for extension, since the continued pendency of the motions would only serve to confuse the record and they are unrelated to any issues on appeal. *City of Bangor v. Citizen Commc'ns Co.*, No. 02-183-B-S, 2007 U.S. Dist. LEXIS 87835, at *12-13 (D. Me. Nov. 28, 2007). Further, given the unusual circumstances of this case and the nature of the motions, it would serve no useful purpose to maintain the motions on this Court's docket while Mr. Hofland's appeal wends through the Court of Appeals for the First Circuit.

Mr. Hofland asks for an extension of time within which to respond to any pending matters, because while he was attending a hearing at the Waldo County Superior Court, the York

County Sheriff allegedly seized his legal materials. *Mot. for Enlargement I* at 1-2; *Mot. for Enlargement II* at 1-4. However, now that he has filed a timely notice of appeal, Mr. Hofland's need to respond to any matters pending in this Court has become moot.

He also demands sanctions against the York County Sheriff. *Mot. for Enlargement I* at 2. His demand against the York County Sheriff is not cognizable in this case, since the York County Sheriff is not a party to these proceedings. Similarly not cognizable are his request that the Court convene plenary proceedings against York County Jail officials, their attorneys, and several other non-parties pursuant to Rule 66(c) of the Federal Rules of Civil Procedure or 18 U.S.C. §§ 401-02,[1] and compel York County Jail officials to preserve surveillance video. Both motions ask for relief against named individuals who are not parties to this cause of action.

The Court therefore DISMISSES without prejudice Plaintiff's Motion for Enlargement of Time (Docket # 24), Motion for Enlargement of Time and Motion to Convene (Docket # 30) and its Additional Attachments (Docket # 31), and Motion to Compel (Docket # 32).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2009

---

[1] Mr. Hofland reports that he has moved in state court, pursuant to Rule 66(c) of the Maine Rules of Civil Procedure, to commence plenary proceedings. *Mot. for Enlargement II* at 4. Rule 66(c) of the Maine Rules of Civil Procedure provides that the state court must convene a plenary proceeding when punitive sanctions are sought for contempt occurring outside the presence of the court. Me. R. Civ. P. 66(c). Mr. Hofland appears to assume the Federal Rules of Civil Procedure include an identically numbered analogous provision. They do not. *See* Fed. R. Civ. P. 66. Mr. Hofland's motion is not cognizable under the Federal Rules. Further, the motion assumes that there are contempt proceedings pending before the Court. There are none. Finally, in an effort to correct his mistake, Mr. Hofland cites 18 U.S.C. §§ 401-02 as authorizing his motion. This additional citation does not cure the defects in Mr. Hofland's motion to convene plenary proceedings.