UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RANDALL B. HOFLAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:09-cv-00201-JAW |
| GEORGE F. PERKINS, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO VACATE JUDGMENT**

On June 25, 2009, the Court entered Judgment against Randall B. Hofland, dismissing his lawsuit against George Perkins, Gary Boynton, Lawrence King, and Dr. Carol Kuhn. *J.* (Docket # 19). On July 20, 2009, Mr. Hofland appealed this Judgment to the Court of Appeals for the First Circuit. *Notice of Appeal* (Docket # 27). On January 13, 2010, the Court of Appeals for the First Circuit issued its Judgment, summarily affirming this Court's Judgment. *J. of Court of Appeals for the First Circuit* (Docket # 38). This Court docketed the Court of Appeals' mandate on February 16, 2010. *Mandate of the Court of Appeals for the First Circuit* (Docket # 39). On February 11, 2011, Mr. Hofland moved to consolidate cases and to vacate this Court's Judgment. *Mot. to Consolidate Cases and Mot. to Vacate J.* (Docket # 42) (*Pl.'s Mot.*).[1]

The Court dismisses Mr. Hofland's motion to vacate the judgment as untimely. Fed. R. Civ. P. 60(c)(1) provides that "a motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a

---
[1] Mr. Hofland filed a Motion to Consolidate and on March 18, 2011, Magistrate Judge Kravchuk denied said Motion (Docket # 43). This leaves only the Motion to Vacate pending.

year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Subsection 2 is a motion based on newly discovered evidence, and subsection 3 is a motion based on fraud, which are the bases of Mr. Hofland's motion. FED. R. CIV. P. 60(b)(2), (3); *see Pl.'s Mot.* at 1-8. Thus, Mr. Hofland's motion is covered by the one-year time limitation in Rule 60(c)(1).

The one-year time limit begins to run from the date judgment was entered, in this case on June 25, 2009, and is unaffected by any appeal since the Court of Appeals in this case did not alter the original Judgment. *Simon v. Navon*, 116 F.3d 1, 3 (1st Cir. 1997). Thus, Mr. Hofland had until June 25, 2010 to file his motion. Since he filed his motion on February 11, 2011, the motion is manifestly untimely and may not be heard.

In his motion, Mr. Hofland presents a number of excuses for why he was unable to file the motion sooner. *Pl.'s Mot.* at 1-8. It does not matter. Once the one year period has run, a motion under Rule 60 is untimely and the expiration of the one-year period mandated by the Rule "is an absolute bar to relief from judgment." *United States v. Marin*, 720 F.2d 229, 231 (1st Cir. 1983).

The Court DISMISSES Randall B. Hofland's Motion to Vacate Judgment (Docket # 42).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2011