UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:09-cv-00201-JAW |
| | ) |
| GEORGE F. PERKINS, et al., | ) |
| | ) |
|     Defendants | ) |

### RECOMMENDED DECISION RE: MOTION FOR LEAVE TO FILE MOTION TO VACATE JUDGMENT OF DISMISSAL

In this and three other cases Hofland has filed motions seeking leave to file what he calls "Motion to Vacate Judgment of Dismissal (Rule 60(b))." Hofland has been under a judicially imposed filing restriction in this Court for some time now.

> Except for filings, if any, challenging this Order, the Court prohibits any further filings by Randall B. Hofland without prior permission from this Court. If Mr. Hofland wishes to file any other pleadings in this Court, including new lawsuits, he must file a motion for leave to file the specific pleading. In the motion for leave, Mr. Hofland must explain the type of pleading he seeks to file, he must attach the proposed pleading to the motion, and the motion for leave to file must not exceed three pages. A judge shall review the proposed pleading and the motion for leave to file and will determine whether such a pleading shall be allowed. In the absence of a court order allowing a pleading, the Court directs the Clerk not to accept Mr. Hofland's filings and to instead return them to him immediately. See Chadbrown v. Coles, Nos. 2:11-cv-00145-GZS, 2:11-cv-00219-GZS, 2011 U.S. Dist. LEXIS 127913, 3-4 (D. Me. Nov. 2, 2011).

Hofland v. LaHaye, 1:09-cv-00172-JAW, ECF No. 103, entered January 18, 2012, Woodcock, C.J.

This pleading is obviously Hofland's attempt to comply with the filing restriction requirement and obtain leave of court to file this specific pleading.

This particular lawsuit was closed in this Court on June 25, 2009, and the judgment was affirmed by the First Circuit on January 13, 2010. Hofland wants to reopen this case because of "new law and new evidence." He does not explain what the new evidence is. He wants

"vacateur of the prior judgment of dismissal with prejudice is to be displaced by dismissal without prejudice to all of the claims against" the defendants. His request is frivolous in the extreme, just as this lawsuit was a frivolous attempt to sue George F. Perkins and other private citizens in federal court. Hofland should be denied leave to file this pleading. I now direct the clerk to docket this recommendation and attach to it a copy of the proposed pleading in order to give the reviewing court an opportunity to review the pleading Hofland wants to file.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 8, 2012                         /s/ Margaret J. Kravchuk
                                     U.S. Magistrate Judge